IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERRY DEWAYNE GREEN,<br><br>                    Petitioner<br><br>         VS.<br><br>ALEXIS CHASE, and<br>STATE OF GEORGIA,<br><br><br>                    Respondents | <br><br><br><br>NO. 5:08-CV-68 (CAR)<br><br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION

Petitioner TERRY DEWAYNE GREEN has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent ALEXIS CHASE has filed a motion seeking to dismiss this petition for lack of exhaustion of state remedies as required by law. Tab #7  Petitioner GREEN has filed a response to the respondent's motion. Tabs #9.

28 U.S.C. §2254(b)(1) and (c) provide as follows:

> *(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-*
>> *(A) the applicant has exhausted the remedies available in the court of the State; or*
>> *(B)(i) there is an absence of available state corrective process; or*
>> *(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.*
>
> *(c) An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.*

The respondent argues that the instant petition should be dismissed because the petitioner has not submitted his claims to nor exhausted the remedies available to him on the state level. In response to the respondent's motion, petitioner argues that he attempted to exhaust his claims but that a certain deputy clerk employed in the Bibb County, Georgia Clerk of Court's office ignored or refused his requests for forms he believes are needed to commence a state action. This argument is not compelling. A review of the file in the present case shows that the petitioner, at the time he filed the instant petition, had not filed a direct appeal or state habeas corpus action with respect to the instant convictions. As such, said convictions are unexhausted for the purposes of federal review.

Because petitioner currently has state remedies available to him, his claims are unexhausted for the purposes federal review. Accordingly, it is RECOMMENDED that the respondent's **MOTION TO DISMISS** (Tab #5) be **GRANTED** and that the petitioner's application for a federal writ of habeas corpus be **DISMISSED** *without prejudice*[1]. Petitioner may refile his federal habeas corpus petition once he has exhausted his state remedies, provided all other requirements of law have been satisfied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 21st day of NOVEMBER, 2008.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissals of federal habeas corpus petitions for lack of exhaustion of state remedies are always without prejudice.